## Case No. 1,610.

### The BOLIVAR.

[1 Olc. 480.] [1]

District Court, S. D. New York. March Term, 1847.

SEAMEN—WAGES — LIEN — NAVIGATION WITHIN A STATE—BONA FIDE PURCHASERS — FEDERAL JURISDICTION.

1. A mariner has a lien for wages earned on board a sailing vessel of fifty tons burthen, engaged in the transportation of merchandise on tide waters upon the Hudson river, within the territory of the state.

[See The Mary, Case No. 9,190; The Canton, Id. 2,388.]

2. This lien can be enforced against the vessel in the hands of a bona fide purchaser of her, if she was sold without the knowledge of the seaman and he pursues his claim at the first opportunity after his debt has accrued.

3. Although the mariner and owner are residents of this state, near each other, and the amount in demand is small, the suit therefor need not be prosecuted in the local courts, if demand of payment is previously made of the owner, and the latter fails to prove the seaman had adequate remedy against his property in such courts.

[4. Cited in Maxwell v. The Powell, Case No. 9,324, to the point that, if a state court sell a vessel to which a maritime lien has attached, the lien adheres to the vessel in the purchaser's hands.]

In admiralty. On rehearing.

This action was instituted by John W. Shook for the recovery of a balance alleged to be due him for wages earned as a hand upon the scow Bolivar, a small sailing vessel of fifty tons burthen and over. The pleadings and the evidence for the defense were mainly the same as in the case of Josline v. The same vessel [Case No. 1,609]. For the reasons set forth in the decision in that cause the libel was dismissed with costs. Some days subsequent to the hearing, a motion was made on the part of the libellant for a rehearing, and it appearing upon the allegations and affidavits produced on the part of the libellant, that there is reasonable ground to believe that his case was not fully and accurately presented to the court on the former hearing, and that he was in possession of new and material testimony not known to him on the former ·hearing and not then at his command, it was ordered, on motion of his advocate, that a new hearing be granted therein, the libellant paying the costs of the former hearing and of this motion. On the rehearing, the libellant produced proofs showing that his hiring on the vessel terminated in this state on the 15th day of July, 1845, wages then being due him, and that she was, a few days thereafter, sold in the state of Pennsylvania, on the Delaware river, and was there delivered to the purchaser without the knowledge of the libellant. It was further proved that the libellant demanded payment of his wages of the former master

and owner without obtaining them, and refused to relinquish his lien on the vessel therefor; and the wages not being paid, he directly thereafter left his demand with the proctor in this cause, with directions to have the vessel arrested therefor whenever she could be found within the waters of this state; and that the libel in this case was filed, and the warrant thereon issued, and the said vessel arrested on her first return to this state. Upon these facts it was contended that the libellant was entitled to a decree for the balance of wages due him.

A. Benedict, for libellant.

R. Goodman, for claimant.

BETTS, District Judge. On the former hearing, this cause was dismissed for the reasons given in the preceding case of Josline v. The same vessel [Case No. 1,609]. The new evidence introduced on this hearing has freed the case of the objections upon which the former decree was based. It is not denied that a mariner has a legal right to proceed in rem for the recovery of wages against craft of this character, engaged in transporting merchandise on tide waters; and the evidence now shows that all proper efforts and diligence were used by the libellant to collect the debt of the owner before the vessel was attached in this court, and that her sale was made without notice to the libellant. There having been no laches on the part of the seaman in this case, the lien follows the vessel into the hands of the purchaser, and can be enforced notwithstanding his ignorance of its existence, wherever the vessel can be found. Sheppard v. Taylor, 5 Pet. [30 U. S.] 675; The Neptune, 1 Hagg. Adm. 227; The Mary [Case No. 9,186]; The Batavia, 2 Dod. 500; 2 Sumn. 443 [Brown v. Lull, Case No. 2,018]. This demand was put in train for collection against the vessel within a few weeks after it became payable, and its prosecution was delayed by the absence of the vessel from the state, out of the jurisdiction of the court, and not by the laches of the libellant. The libellant proves an unsuccessful demand of payment from the owner who contracted with him; and his inability to satisfy the wages may be reasonably implied, in the absence of all evidence on his part that he possessed property sufficient to satisfy the debt, and that it was so circumstanced that it could be reached by the process of the municipal courts.

I think the libellant has supplied satisfactory reasons for the delay of his proceeding, and for resorting to this remedy in this court against the vessel. Let the following decree be entered in this cause: It is ordered that there be a decree in favor of the libellant for the amount of wages due him, and that the vessel be condemned therefor, and for the taxed costs of this suit; and unless a stipulation by the parties, fixing the

amount of such wages, is filed within two days after this decree, it is further ordered that it be referred to a commissioner to ascertain and report the wages due the libellant, after deducting all proper charges and allowances.